# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| DARRELL WAYNE HUGHES, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | CAUSE NO.: 3:12-CV-494-TLS |
| SUPERINTENDENT, Westville Correctional Facility, | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

The Petitioner, Darrell Wayne Hughes, a prisoner proceeding pro se, filed a Notice of Appeal [ECF No. 9] and a Motion for Application For Relief [ECF No. 10]. In his Motion for Application for Relief, the Petitioner seeks to appeal this Court's Order [ECF No. 7] denying his Petition for Writ of Habeas Corpus [ECF No. 1]. Specifically, the Petitioner requests a Certificate of Appealability so that he may proceed with his appeal. Because "the requirement of a CA imposed by 28 U.S.C. § 2253(c)(1)(A) does not apply to a state prisoner's action under § 2254 that challenges the result of a prison disciplinary hearing," *Walker v. O'Brien*, 216 F.3d 626, 639 (7th Cir. 2000), a Certificate of Appealability is unnecessary in this case and the Court will deny as moot the Petitioner's Motion for Application for Relief [ECF No. 10].

Nevertheless, pursuant to 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker,* 216 F.3d at 632 (citing *Lee v. Clinton*, 209 F.3d 1025, 1026 (7th Cir. 2000)). Substantively, the Court finds that this appeal is not taken in good faith for the reasons stated in this Court's September 21 Order [ECF No. 7] denying the Petitioner's Petition

for Writ of Habeas Corpus. The Petitioner's Petition challenged 97 different prison disciplinary proceedings. However, the Court noted that the Petitioner failed to exhaust his available remedies resulting in procedural default of his 97 claims. (Order 2, ECF No. 7.) Moreover, the Petitioner failed to overcome his procedural default because he failed to establish either cause for the default and actual prejudice or that the default would lead to a fundamental miscarriage of justice. (*Id.* 2–3.)

Procedurally, this appeal is not taken in good faith because it is untimely. Judgment was entered in this case on September 24, 2012. No post-judgment motions were filed which extended the deadline for filing a notice of appeal. Therefore, the deadline for filing a timely notice of appeal expired 30 days later on October 24, 2012. *See* Fed. R. App. P. 4(a)(1)(A). This notice of appeal was not signed and mailed until November 8, 2012. The notice of appeal is conseuqnetly untimely and this will cause the appeal to be dismissed for lack of jurisdiction. *Bowles v. Russell*, 551 U.S. 205, 214 (2007) ("[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement.").

In sum, because this appeal is both substantively and procedurally not taken in good faith, the Petitioner may not appeal *in forma pauperis*. 28 U.S.C. § 1915(a)(3).

For the foregoing reasons, the Court DENIES AS MOOT the Petitioner's Motion for Application for Relief [ECF No. 10] and DENIES the Petitioner leave to appeal *in forma pauperis*. If the Petitioner wishes to contest this Court's finding, he must renew his petition to proceed *in forma pauperis* with the Court of Appeals within 30 days after service of this Opinion and Order. *See* Fed. R. App. P. 24(a).

SO ORDERED on December 4, 2012.

                                              s/Theresa L. Springmann
                                              THERESA L. SPRINGMANN
                                              UNITED STATES DISTRICT COURT
                                              FORT WAYNE DIVISION